# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE A. BAZEWICZ, | No. 4:18-CV-00363 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| ANDREW SAUL,[1] *Commissioner of Social Security*, | |
| Defendant. | |

## ORDER

**APRIL 27, 2020**

Marlene A. Bazewicz filed this action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying Bazewicz's claim for supplemental security income.[2] Bazewicz argues, in part, that this matter should be remanded for rehearing before a properly appointed Administrative Law Judge pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).[3] In March 2019, Magistrate Judge Joseph F. Saporito, Jr., issued a Report and Recommendation recommending that this Court vacate the Commissioner's decision because the Administrative Law Judge had not been properly appointed, and remand this matter for further proceedings.[4] The Government filed timely objections to the Report and Recommendation, arguing that

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul, as the successor officer to Nancy Berryhill, Acting Commissioner of Social Security, is automatically substituted as Defendant in this action.
[2] Doc. 1.
[3] Doc. 13 at 1-2.
[4] Doc. 16.

Bazewicz's *Lucia* claim should not be considered because she failed to exhaust the issue in her administrative proceedings.[5]

This Court thereafter stayed the matter pending resolution of two appeals before the United States Court of Appeals for the Third Circuit in which that court was expected to address the question of whether district courts may consider *Lucia* claims that were not first raised in administrative proceedings.[6] That opinion has now issued, and the Third Circuit in *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), determined that plaintiffs need not exhaust *Lucia* claims during their administrative proceedings.[7] Bazewicz has now filed a motion to lift this Court's stay.[8]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[9] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[10] Upon de novo review of the record, the Court finds no error in Magistrate Judge Saporito's conclusion that remand is required based upon the Supreme Court's decision

---

[5] Doc. 19.
[6] Doc. 21.
[7] *Id.* at 152.
[8] Doc. 23.
[9] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[10] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

in *Lucia* and, in light of the Third Circuit's decision in *Cirko*, finds no merit in the Government's objections. Accordingly, **IT IS HEREBY ORDERED** that:

1. Bazewicz's motion to lift the stay (Doc. 23) is **GRANTED** and the stay is hereby **LIFTED**;

2. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 16) is **ADOPTED**;

3. The Commissioner's decision is **VACATED**, and this matter is **REMANDED** for further proceedings before a different Administrative Law Judge who has been properly appointed in accordance with the Appointments Clause of the United States Constitution;

4. Final Judgment is entered in favor of Plaintiff and against Defendant pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge